# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **DENNIS BROWN,** individually and on behalf of all others similarly situated<br>c/o Minnillo & Jenkins Co., LPA<br>2712 Observatory Avenue<br>Cincinnati, OH 45208 | **:**<br><br>**:**<br><br>**:** | **CASE NO: 13-CV-524** |
| **Plaintiff,** | **:** | **CLASS ACTION COMPLAINT** |
| vs. | **:** | |
| **FIRST NATIONAL COLLECTION BUREAU, INC.**<br>**c/o Bradley L. Jardon**<br>**610 Waltham Way**<br>**McCarran, NV 89434** | **:**<br><br>**:**<br><br>**:** | **(WITH JURY DEMAND)** |
| **Defendants.** | **:** | |
| | **:** | |
| | **:** | |

Plaintiff Dennis Brown ("Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief as follows:

## INTRODUCTION

1.     Plaintiff brings this action for damages, and other legal and equitable remedies, resulting from the unlawful telemarketing and debt collection actions of First National Collection Bureau, Inc. ("Defendant" or "FNCB").   These actions include, among other things, (1) negligently, knowingly, and/or willfully calling Plaintiff's cellular telephone without his express consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and the Ohio Consumer Sales Practices Act, Ohio Rev. Code § 1345.02(A) ("OCSPA"); and (2)

disguising the origin of Defendant's collection call by manipulating Plaintiff's Caller I.D. to reflect a local area code in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, ("FDCPA") and the OCSPA.

2.      Upon information and belief, FNCB is a third party debt collector that assists other entities in collecting payment on delinquent accounts.  Upon further information and belief, FNCB has engaged in collection efforts on an account or debt owed by an unknown individual named, "Desmond M. Brown," who is not a party to this action.  Presumably due to the similarity of their names, FNCB has placed at least eighteen non-emergency telephone calls to Plaintiff Dennis Brown's cellular phone using an artificial or prerecorded voice and/or an automatic telephone dialing system without Plaintiff's consent in violation of state and federal law.

## JURISDICTION

3.      The District Court has federal question jurisdiction over Plaintiff's TCPA and FDCPA claims pursuant to 28 U.S.C. § 1331, and federal supplemental and diversity jurisdiction pursuant to 28 U.S.C. § 1367 and 28 U.S.C. § 1332 (as amended by the Class Action Fairness Act of 2005 ("CAFA")).

4.      Venue is proper in the United States District Court for the Southern District of Ohio pursuant to 28 U.S.C. § 1391 (b)-(c) and 1441(a), because Defendant is a corporation that is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced, and because Defendant's contacts with this District are sufficient to subject it to personal jurisdiction.  Venue is also proper in this District because Plaintiff has resided in this District at all times relevant to these claims such that a substantial part of the events giving rise to the claims occurred in this District.

## PARTIES

5.      Plaintiff Dennis Brown is, and at all times pertinent here was, an individual citizen of the State of Ohio residing in West Chester, Ohio.

6.      Defendant First National Collection Bureau, Inc. is a Nevada corporation with an address of 610 Waltham Way, McCarran, Nevada 89434.  FNCB operates as a collection agency and a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## STATEMENT OF THE FACTS

7.      Plaintiff has maintained the same telephone number for approximately twenty years.  The number was assigned to Plaintiff's residential land line telephone until November 2009 when Plaintiff transferred the number to his cellular phone.  Although Plaintiff now lives in Ohio, his cellular telephone number continues to have a Kentucky area code.

8.      Plaintiff has never had any business or other relationship with FNCB.

9.      Beginning as early as April 2013, Plaintiff began receiving multiple telephone calls on his cellular phone from an unfamiliar telephone number reflecting a Kentucky "502" area code.  Because Plaintiff did not recognize the number, he did not answer the calls.  The callers did not leave any messages in Plaintiffs' voice mail.

10.     At one point, Plaintiff attempted to contact the caller by dialing the "502" number.  An automated system answered the call, but it did not identify the business or nature of the calls.

11.     On May 8, 2013, Plaintiff received another call from the same "502" number and answered the call.  An artificial or prerecorded voice played the following script:

> Hello, we have attempted to reach [short pause] several times regarding an important business matter.  We need to talk to someone today regarding this account.  Please press the '1' key now, or call us back at 1-800-XXX-XXXX.

Having no indication of the identity or legitimacy of the caller, Plaintiff disconnected the call.

12.     Twelve days later, on May 20, Plaintiff was travelling out of state in Oklahoma when his cellular phone received yet another telephone call from the same "502" telephone number.  When Plaintiff answered the call, there was a long silent pause on the line before Plaintiff was disconnected.  Plaintiff received a similar call from the same "502" number an hour later.  When Plaintiff answered the second call, he heard an artificial or prerecorded message that failed to identify the caller, the intended recipient, or the nature of the call.

13.     Two days later, on May 22, Plaintiff received two more calls from the same "502" number within 90 minutes of each other.  Each time Plaintiff answered the call he heard an artificial or prerecorded message.  However, one of the May 22 calls revealed for the first time that the caller was attempting to reach "Desmond M. Brown."

14.     On May 30, 2013, Plaintiff received yet another call from the "502" telephone number.  When he answered the call, a live agent was on the line and said "Hello."   However, before Plaintiff had a chance to speak, the live agent disconnected the call.

15.     Plaintiff received yet another call with an artificial or prerecorded message from the "502" number on June 3, 2013.

16.     On June 6, 2013, Plaintiff received yet another call from the same "502" telephone number.  When Plaintiff answered the call, there was a silent pause consistent with use of an automated dialing system, and then Plaintiff was connected with a live agent.  Although Plaintiff heard background noise that sounded like a call center, the live agent disconnected the call without saying a word.

## First National Collection Bureau, Inc.'s Business Practices

17.     Upon information and belief, the "800" number referenced by the artificial or

4

prerecorded message is associated with Defendant First National Collection Bureau, Inc. of Reno, Nevada.

18.     Upon information and belief, FNCB is a collection agency employing over 100 debt collectors servicing 4 million accounts.

19.     Upon information and belief, FNCB uses automated dialing equipment and artificial and/or prerecorded messages to make 50,000 to 60,000 collection calls per day.

20.     FNCB has called Plaintiff's cellular phone in an attempt to collect a consumer debt from a person named "Desmond M. Brown" at least 18 times since April 30, 2013.

21.     FNCB never obtained Plaintiff's consent to call his cellular phone, and the calls were not regarding any emergency.

22.     Based on the similarity of their names, Plaintiff alleges upon information and belief that FNCB obtained Plaintiff's telephone number through faulty "skiptracing." ("Skiptracing" is a colloquial term derived from the idiomatic expression "to skip town," describing the practice of searching various public and private informational sources in order to locate a missing debtor.)   Plaintiff and his telephone number have no other connection to Desmond M. Brown or the alleged underlying debt.

23.     Plaintiff further alleges upon information and belief that FNCB intentionally and unlawfully caused an incorrect telephone number reflecting a Kentucky area code to appear on Plaintiff's telephone in order to actively mislead Plaintiff about the source of the call and disguise FNCB's identity as a Nevada-based debt collector.  Upon information and belief, FNCB purposefully employs technology that causes the caller ID of recipients of its collection calls to falsely and misleadingly display an incorrect telephone number to create the false impression that the call is originating from within the recipient's area code in order to conceal its true origin.

**The Telephone Consumer Protection Act of 1991**

24.     Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227, in 1991 in response to a growing number of consumer complaints regarding telemarketing practices.  In doing so, Congress specifically found that consumers "consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy," and that banning such automated or prerecorded telephone calls (except in the case of emergencies) is the "only effective means of protecting telephone consumers from this nuisance and privacy invasion."  TCPA, 105 Stat. 2394, note following 47 U.S.C. § 227 (Congressional findings).

25.     The TCPA prohibits making "any call" using "any automatic telephone dialing system or an artificial or prerecorded voice" to "any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).  There are only two exceptions:  emergency calls and calls made with the "prior express consent" of the called party.  *See* 47 U.S.C. § 227(b)(1)(A).  Neither exception applies to FNCB's conduct.

26.     The TCPA specifically delegates authority to the FCC to promulgate implementing regulations for the Act.  *See* 47 U.S.C. § 227(b)(2).  Such regulations provide (subject to exceptions not relevant here) that "No person … may (1) initiate any telephone call … using an automatic telephone dialing system or an artificial or prerecorded voice … (iii) To any telephone number assigned to … a cellular service …. 47 C.F.R. § 64.1200(a).

27.     On January 4, 2008, the FCC released a Declaratory Ruling in which it confirmed that creditors may only use automatic telephone dialing systems or an artificial or prerecorded voice message with the prior express consent of the consumer, noting that the plain language prohibition provided by 47 U.S.C. § 227(b)(1)(A)(iii) "applies regardless of the content of the

call, and is not limited only to calls that constitute 'telephone solicitations'." 23 F.C.C. Rcd 559,

565.  The burden is placed on the creditor to show that it properly obtained the necessary prior

express consent.  *Id.*

28.     Congress specifically provided a private right of action for violations of the TCPA

and its implementing regulations.  *See* 47 U.S.C. §§ 227(b)(3); 227(c)(5).[1]  Plaintiffs are

permitted to bring suit to enjoin the unlawful conduct and/or to recover "actual monetary loss

from such violation, or to receive $500 in damages for each such violation, whichever is greater

…."  *Id.*  Moreover, if the court finds the defendant "willfully or knowingly" violated the TCPA

or its implementing regulations, it may increase the amount of damages to "not more than three

times the amount."  *Id.*

## CLASS ACTION ALLEGATIONS

29.     Plaintiff brings this action on behalf of himself and all others similarly situated

under Fed. R. Civ. P. 23.

30.     Subject to confirmation, clarification and/or modification based on discovery to

be conducted in this action, Plaintiff seeks to represent the following nationwide class (the

"TCPA Class"):

> All persons in the United States who, during the longest period of time permitted
> by law, received a non-emergency telephone call from Defendant on a cellular
> telephone, in which the Defendant used an automatic telephone dialing system or
> an artificial or prerecorded voice.[2]
>
> Excluded from the class are (1) persons who previously consented to receiving
> such communications; (2) Defendant and any entity in which Defendant has a
> controlling interest, and its legal representatives, officers, directors, employees,
> assigns and successors; (3) the Judge to whom this case is assigned and any

---

[1] In 2010, Congress amended 47 U.S.C. § 227 to also prohibit manipulation of caller-identification information. *See* Truth in Caller ID Act of 2009, Pub. L. 111-331, 124 Stat. 3572.  Although Plaintiff alleges that FNCB unlawfully manipulated caller-identification information in order to disguise FNCB's identity as a Nevada-based debt collector, Plaintiff does not seek injunctive relief or damages under the TCPA for such violations.

[2] Plaintiff reserves the right to amend this class definition.

member of the Judge's staff or immediate family; and (4) Class Counsel.

31.     Subject to confirmation, clarification and/or modification based on discovery to

be conducted in this action, Plaintiff further seeks to represent the following nationwide class

(the "FDCPA Class"):

> All persons in the United States who, during the longest period of time permitted
> by law, have been contacted by Defendant or any of its agents, employees, or
> affiliated entities using a telephone number that was misidentified on the call
> recipient's caller I.D.[3]
>
> Excluded from the class are (1) Defendant and any entity in which Defendant has
> a controlling interest, and its legal representatives, officers, directors, employees,
> assigns and successors; (2) the Judge to whom this case is assigned and any
> member of the Judge's staff or immediate family; and (3) Class Counsel.

32.      Subject to confirmation, clarification and/or modification based on discovery to

be conducted in this action, Plaintiff also seeks to represent an Ohio resident class (the "Ohio

Class") defined as follows:

> All residents of Ohio who, during the longest period of time permitted by law,
> have been contacted by Defendant or any of its agents, employees, or affiliated
> entities in connection with the collection of a debt using a telephone number that
> was misidentified on the call recipient's caller I.D .[4]
>
> Excluded from the class are (1) Defendant and any entity in which Defendant has
> a controlling interest, and its legal representatives, officers, directors, employees,
> assigns and successors; (2) the Judge to whom this case is assigned and any
> member of the Judge's staff or immediate family; and (3) Class Counsel.

33.      As used herein, the "Classes" or "Class Members" shall refer to the members of

the TCPA Class, FDCPA Class, and Ohio Class, collectively, including Plaintiff.

34.      Plaintiff seeks damages and injunctive relief on behalf of himself and the Class

Members.

35.      While the exact number of Class Members is unknown to Plaintiff at this time and

---

[3] Plaintiff reserves the right to amend this class definition.
[4] Plaintiff reserves the right to amend this class definition.

can only be determined by appropriate discovery, membership in the Classes is ascertainable based upon the records maintained by Defendant.  Upon information and belief, the number of Class Members will likely be in the tens or hundreds of thousands.  Therefore, the Class Members are so numerous that individual joinder of all Class Members is impracticable under Fed. R. Civ. P. 23(a)(1).

36.     Common questions of law and fact exist as to all Class Members, as required by Fed. R. Civ. P. 23(a)(2), and final injunctive relief is appropriate respecting the Class as a whole because Defendant has acted or refused to act on grounds that generally apply to the Class, within the meaning of Fed. R. Civ. P. 23(b)(2).  These common legal and factual questions include:

(a) whether FNCB made non-emergency calls to Plaintiff and Class Members' cellular telephones using an automatic dialing system;

(b) whether FNCB made non-emergency calls to Plaintiff and the Class Members' cellular telephones using an artificial or prerecorded voice;

(c) whether FNCB can demonstrate that it obtained prior express consent from the Class Members to make such calls;

(d) whether FNCB is liable for damages, and the amount of such damages;

(e) whether FNCB should be enjoined from engaging in such conduct in the future;

(f) whether FNCB is a debt collector as defined by 15 U.S.C. § 1692a(6);

(g) whether Defendants routinely engage in the collection of debts for others;

(h) whether Defendant's practice of causing false, deceptive, and misleading telephone numbers to be displayed by consumers' caller I.D. systems violates the FDCPA or OCSPA; and

(i)  Whether Defendants' conduct otherwise violates the OCSPA.

37.    Plaintiff's claims are typical of the claims of the Class Members whom he seeks to represent under Fed. R. Civ. P. 23(a)(3) because Plaintiff and each Class Member have experienced the same violative conduct.

38.    Plaintiff will fairly and adequately represent and protect the interests of the Class Members as required by Fed. R. Civ. P. 23(a)(4).  Plaintiff is an adequate representative because his interests do not conflict with the interests of the Class Members.  Further, Plaintiff has retained counsel competent and experienced in complex class action litigation, including consumer class action litigation, and Plaintiff intends to prosecute this action vigorously. Therefore, the interests of the Class Members will be fairly and adequately protected.

39.    A class action is superior to any other available means for fairly and efficiently adjudicating the controversy.  In this regard, the Class Members' interests in individually controlling the prosecution of separate actions is low given the magnitude, burden and expense of individual prosecutions against a large corporation such as Defendant.  It is desirable to concentrate this litigation in this forum to avoid burdening the courts with individual lawsuits. Individualized litigation presents a potential for inconsistent or contradictory judgments, and also increases the delay and expense to all parties and the court system presented by the legal and factual issues of this case.  By contrast, the class action procedure here will have no management difficulties.  Defendant's records will easily identify the Class Members.  Defendant's telephone practices are common to all Class Members; therefore, the same common documents and testimony will be used to prove Plaintiff's claims as well as the claims of the Class Members. Finally, proceeding as a class action provides the benefits of single adjudication, economies of scale and comprehensive supervision by a single court.

40.     A class action is appropriate under Fed. R. Civ. P. 23(b)(2) because, as stated above, Defendant has acted or refused to act on grounds that apply generally to the Class Members, so that final injunctive relief or corresponding declaratory relief is appropriate as to all Class Members.

## FIRST CLAIM FOR RELIEF

### Negligent Violations of the Telephone Consumer Protection Act

### (Asserted on behalf of nationwide TCPA Class)

41.     Plaintiff incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

42.     The foregoing acts and omissions of the Defendant constitute negligent violations of the TCPA and its implementing regulations, including each of the above-cited provisions.

43.     Without prior consent or cause based on emergency, Defendant negligently contacted Plaintiff and TCPA Class Members' cellular phones using an automatic telephone dialing system in violation of the 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a).

44.     Without prior consent or cause based on emergency, Defendant negligently contacted Plaintiff and TCPA Class Members' cellular phones using artificial or prerecorded voice messages in violation of the 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a).

45.     As the result of Defendant's negligent violations of the TCPA and its implementing regulations, Plaintiff and the TCPA Class Members are entitled to (1) an award of $500.00 in statutory damages for each violation, (2) injunctive relief, and (3) an award of costs and attorneys' fees.

## SECOND CLAIM FOR RELIEF

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

### (Asserted on behalf of nationwide TCPA Class)

46.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as if fully set forth herein.

47.     The foregoing acts and omissions of the Defendant constitute knowing and/or willful violations of the TCPA and its implementing regulations, including each of the above-cited provisions.

48.     Without prior consent or cause based on emergency, Defendant knowingly and/or willfully contacted Plaintiff and TCPA Class Members' cellular phones using an automatic telephone dialing system in violation of the 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a).

49.     Without prior consent or cause based on emergency, Defendant knowingly and/or willfully contacted Plaintiff and TCPA Class Members' cellular phones using artificial or prerecorded voice messages in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a).

50.     As the result of Defendant's knowing and/or willful violations of the TCPA and its implementing regulations, Plaintiff and the TCPA Class Members are entitled to (1) an award of up to $1,500.00 in statutory damages for each violation, (2) injunctive relief, and (3) an award of costs and attorneys' fees.

## THIRD CLAIM FOR RELIEF

### Violations of the Fair Debt Collection Practices Act

### (Asserted on Behalf of nationwide FDCPA Class)

51.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as if fully set forth herein.

52.     The foregoing acts and omissions of the Defendant constitute violations of the FDCPA.

53.     Defendant engaged in conduct to harass, oppress, or abuse Plaintiff and FDCPA Class Members by "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass" under 15 U.S.C. 1692d(5).

54.     Defendant engaged in false, misleading, or deceptive representations by, including but not limited to, using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," 15 U.S.C. § 1692e(10), and failing to "disclose in the … initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose…." 15 U.S.C. 1692e(11).   Indeed, the FDCPA is intended to prohibit debt collectors such as Defendant from "obtaining information under false pretenses."  *See* S. Rep. No. 95-382 at 4 (1977).

55.     Defendant used unfair or unconscionable means to attempt to collect debt from Plaintiff and FDCPA Class Members in violation of 15 U.S.C. § 1692f.

56.     Defendant failed to provide, within five days of their initial communication with Plaintiff and FDCPA Class Members, the required written notice of the alleged debt, containing the amount of the debt, the name of the creditor to whom the debt is owed, and required statements of consumer rights, in violation of 15 U.S.C. 1692g(a)(1) – (4).

57.     As a result of each of Defendant's violations of the FDCPA, Plaintiff and the

FDCPA Class Members are entitled to recover from Defendants actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. 1692k(a)(2)(A); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692(a)(3).

## FOURTH CLAIM OF RELIEF

### Violation of Ohio Consumer Sales Practices Act

### (Asserted on behalf of Ohio CSPA Class)

58.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as if fully set forth herein.

59.     Plaintiff is a consumer within the meaning of the Ohio Consumer Sales Practices Act.  Ohio Rev. Code § 1345.01 et seq.

60.     Defendant and its employees or agents are suppliers covered by the Ohio Consumer Sales Practices Act with respect to the conduct alleged herein.

61.     Defendant's actions as alleged herein are substantially similar to acts and/or practices that have been previously found to violate the Ohio Consumer Sales Practices Act by one of the methods identified in Ohio Rev. Code § 1345.09(B) and which were available for public inspection in accordance with Ohio Rev. Code § 1345.05(A)(3) before the transactions at issue herein.  For instance, each of the following court decisions were on file in the Office of the Ohio Attorney General, within the Public Inspection File (hereafter "PIF") as of the dates listed herein:

    a.  *Charvat v. Doucet,* Franklin C.P. Court Case No. 03CVH08-922I (Issued: February 23, 2004; PIF: February 27, 2004) (PIF # 2218);

    b.  *Charvat v. Continental Mortgage Services, Inc.,* Franklin C.P. Court Case No. 99CVHI2-10225 (Issued: June 1, 2000; PIF: June 2, 2000) (PIF # 1882); and

      c.   *Burdge v. Satellite Systems Network, LLC*, Fairfield County Municipal Court Case No. 2005 CVF 00243 (Issued: May 11, 2005; PIF: May 12, 2005) (PIF # 2344).

62.    The foregoing acts and omissions of Defendant and its employees or agents constitute violations of the Ohio Consumer Sales Practices Act including but not limited to Ohio Rev. Code §§ 1345.02 and 1345.03.

WHEREFORE, Plaintiff Dennis Brown, individually and on behalf of all others similarly situated, demands judgment against the Defendant as follows:

1) For an Order certifying this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing counsel for Plaintiff as Class Counsel;

2) For an award of actual and statutory damages (including treble damages), and injunctive relief,  pursuant to 47 U.S.C. §§ 227(b)(3) and (c)(5); and 15 U.S.C. §§ 1692(a)(1), (a)(2)(A), and (a)(2)(B).

3) For an award of the costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);

4) For an award of all relief available under Ohio Rev. Code §1345.09, including without limitation actual damages, treble damages, noneconomic damages, reasonable attorney fees, and costs;

5) Such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable in this matter.

This the 26th day of July, 2013.

Respectfully submitted,

/s/ Niroshan M. Wijesooriya
Christian A. Jenkins (0070674)
Niroshan M. Wijesooriya (0079780)
Minnillo & Jenkins Co., LPA
2712 Observatory Avenue
Cincinnati, OH 45202
Telephone: (513) 723-1600
Facsimile: (513) 345-1620
cjenkins@minnillojenkins.com
niro@minnillojenkins.com


Jeffrey S. Goldenberg (0063771)
Todd B. Naylor (0068388)
Robert Sherwood (0084363)
GOLDENBERG SCHNEIDER, L.P.A.
One West Fourth Street, 18th Floor
Cincinnati, OH 45202
Phone:  (513) 345 8291
Fax:  (513) 345-8294
jgoldenberg@gs-legal.com
tnaylor@gs-legal.com
rsherwood@gs-legal.com

Attorneys for Plaintiff and the Classes